UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------

GEMINI INSURANCE COMPANY,

                     Plaintiff,

      -against-

TITAN CONSTRUCTION SERVICES, LLC, *et al.*,

                     Defendants.

------------------------------

17cv8963

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Defendants Titan Construction Services, LLC ("Titan") and Hudson View Gardens, Inc. ("Hudson View," and together, "Defendants") move in limine to exclude certain evidence in advance of a bench trial.

## LEGAL STANDARD

        "The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (citation and quotation marks omitted). "Generally, evidence is admissible as long as it is (1) relevant and (2) not otherwise prohibited by the United States Constitution, a federal statute, the Federal Rules of Evidence, or any other rules prescribed by the Supreme Court." United States v. Prevezon Holdings, Ltd., 319 F.R.D. 459, 462 (S.D.N.Y. 2017) (citing Fed. R. Evid. 402). "Evidence should only be excluded when it is clearly inadmissible on all grounds," and a court may reserve decision until trial "so that the motion is placed in the appropriate factual context." John Wiley & Sons, Inc. v. Book Dog

Books, LLC, 2017 WL 10844685, at *1 (S.D.N.Y. Dec. 8, 2017) (citation and quotation marks omitted).

DISCUSSION

Defendants' motions are cursory and unhelpful. First, Defendants seek a blanket exclusion of roughly two dozen internal Titan emails (the "Emails") that they did not bother to attach to their motion papers. Nor did they make any effort to discuss them individually. "The admissibility of specific emails at trial . . . depend[s] upon each email itself (for example, whether it is hearsay, or a business record or party admission) . . . ." Moore v. Publicis Groupe, 287 F.R.D. 182, 189 (S.D.N.Y. 2012) (emphasis added). Indeed, Plaintiff Gemini Insurance Company ("Gemini") attached certain emails to its opposition papers in an effort to clarify Defendants' motion. But even Gemini admits that it cannot be sure that those are the emails Defendants move to exclude.

In any event, contrary to Defendants' assertion, the proposed emails (at least the ones attached to Gemini's papers) are not irrelevant solely because they were written after the construction accident at issue in this action. As Gemini contends, the emails may be probative of whether Titan and its purported subcontractor—Garcia Contractor Corporation—were effectively the same company, an issue bearing directly on the insurance agreement at the heart of this case.

Second, Defendants move to exclude a Workers' Compensation Board decision finding that Santos Mejia was a Titan employee on the date of his accident (the "Decision"). Defendants argue that the Decision is "unfairly" prejudicial. As a preliminary matter, Defendants' concern about unfair prejudice is misdirected—this is a bench trial, not a jury trial. See United States v. Zuber, 118 F.3d 101, 104 (2d Cir. 1997) ("We traditionally assume that

judges, unlike juries, are not prejudiced by impermissible factors."); United States v. Duran-Colon, 252 F. App'x 420, 423 (2d Cir. Oct. 31, 2007) (summary order) ("In the context of a bench trial . . . the factfinder knows the purpose for which evidence is admitted and is presumed to rest his verdict on the proper inferences to be drawn from such evidence."); Victoria's Secret Stores Brand Mgmt., Inc. v. Sexy Hair Concepts, LLC, 2009 WL 959775, at *8 n.4 (S.D.N.Y. Apr. 8, 2009) ("In the context of a bench trial . . . there is no possibility of prejudice . . . .").

Moreover, the Decision is not prejudicial, as it does not pose the risk of "some adverse effect . . . beyond tending to prove the fact or issue that justified its admission into evidence." United States v. Kadir, 718 F.3d 115, 122 (2d Cir. 2013) (emphasis in original) (citation and quotation marks omitted). Finally, the Decision's preclusive effect (if any) can be addressed in post-trial findings of fact and conclusions of law.

Third, Defendants seek to bar admission of an attorney's letter reporting on the Workers' Compensation Board hearing (the "Letter"). Defendants argue that the Letter has not been authenticated and represents two levels of hearsay statements. Defendants' first point is premature because "[w]hether the [proponent party] can meet Rule 901's authentication standard with respect to the challenged exhibit[] is a question best answered at trial." United States v. Ulbricht, 79 F. Supp. 3d 466, 488 (S.D.N.Y. 2015). That said, Gemini's opposition brief makes no effort to address the hearsay concerns raised in Defendants' motion or any basis for the Letter's admission into evidence.

Fourth, Defendants move to exclude a LinkedIn screenshot listing a trial witness's purported employer as Titan, rather than Garcia Contractor Corporation. Defendants argue that the screenshot is inadmissible because it was not disclosed during discovery. But Gemini says that no request for a document like the LinkedIn Screenshot was ever made. If Gemini is

correct, and a proper foundation can be laid, then the document may be admissible. Defendants also assert that the screenshot has not been authenticated. As explained above, this objection jumps the gun. See Dollman v. Mast Indus., Inc., 2011 WL 3911035, at *5 (S.D.N.Y. Sept. 6, 2011) (reserving decision on in limine motion where it was likely the proposed evidence would be authenticated by testimony at trial).

Finally, Defendants move to prohibit Gemini from introducing sign-in sheets for various employees at the Hudson View construction project. Defendants argue that the sign-in sheets are not relevant because they do not pertain to the date of the accident. But that crabbed view is too narrow. Sign-in sheets that distinguish among workers from various subcontractors may be contrasted with other sign-in sheets that bear only the "Titan" name. Accordingly, they may be relevant to whether Garcia Contractor Corporation was a separate subcontractor.

## CONCLUSION

For the foregoing reasons, this Court denies the motions to exclude the Decision and the sign-in sheets, and reserves decision on the Emails, the Letter, and the LinkedIn screenshot. The Clerk of Court is directed to terminate the motion pending at ECF No. 78.

Dated: July 9, 2019
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.