UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
GEMINI INSURANCE COMPANY,

                        Plaintiff,

              -against-

TITAN CONSTRUCTION SERVICES,
LLC, *et al.*,

                        Defendants.
------------------------------------------------

17cv8963

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Titan Construction Services, LLC ("Titan") and Hudson View Gardens, Inc. ("Hudson View," and together with Titan, "Defendants") move for an award of attorneys' fees and costs in this insurance coverage declaratory judgment action against Plaintiff Gemini Insurance Company ("Gemini"). For the reasons that follow, Defendants' motion is granted in part.

## BACKGROUND

        The underlying proceeding is described in this Court's August 27, 2019 Opinion & Order. See Gemini Ins. Co. v. Titan Constr. Servs., LLC, 2019 WL 4023719, at *1 (S.D.N.Y. Aug. 27, 2019). In that Opinion & Order, this Court denied Gemini's claims for a declaratory judgment and granted Defendants' counterclaims for a declaratory judgment on the duty to defend issue. This Court also recognized that Defendants may be entitled to an award of attorneys' fees. Gemini Ins. Co., 2019 WL 4023719, at *10. However, while Gemini failed to meet its high burden of persuasion, most of Defendants' arguments were rejected by this Court. Accordingly, this Court cautioned that it would "not award fees for attorney time and resources

expended on arguments that were neither accepted by this Court nor played any role in this Court's ruling for Defendants." Gemini Ins. Co., 2019 WL 4023719, at *10.

Titan and Hudson View move for awards of $35,926.18 and $9,949.17, respectively. (ECF No. 120; ECF No. 112.)

DISCUSSION

I. Attorneys' Fees

The determination of a reasonable fee falls within the district court's discretion. Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Kortright Capital Partners LP v. Investcorp Inv. Advisers Ltd., 392 F. Supp. 3d 382, 406 (S.D.N.Y. 2019); see also Winklevoss Capital Fund, LLC v. Shrem, 360 F. Supp. 3d 251, 256 (S.D.N.Y. 2019) (explaining that "district courts are given broad discretion in determining what is reasonable under the circumstances" (quotation marks omitted)). The Supreme Court and the Second Circuit have both "held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea, 658 F.3d at 166 (quotation marks omitted); see also Perdue v. Kenny A. *ex rel.* Winn, 559 U.S. 542 (2010). Although a district court "may adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee,'" it does so "only in 'rare circumstances,' because the lodestar figure [already] includes most, if not all of the relevant factors constituting a reasonable attorney's fee.'" Millea, 658 F.3d at 166 (alteration in original) (quoting Perdue, 559 U.S. at 533). With these principles in mind, this Court proceeds to the lodestar calculation.

A. Hourly Rates

A reasonable hourly rate is "a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" McDonald *ex rel.* Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund,

450 F.3d 91, 96 (2d Cir. 2006) (ellipsis and alteration in original) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Under the so-called "forum rule," the relevant community is "the district in which the reviewing court sits." Restivo v. Hessemann, 846 F.3d 547, 590 (2d Cir. 2017) (quoting Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)). Factors pertinent to a reasonable hourly rate include "the novelty and difficulty of the questions involved in the litigation" as well as the "size of the firm." Vista Outdoor Inc. v. Reeves Family Tr., 2018 WL 3104631, at *5 (S.D.N.Y. May 24, 2018) (quotation marks omitted). Further, a court may "apply its own knowledge of rates charged in the community in assessing the reasonableness of the rates sought." H.B. Auto. Grp., Inc. v. Kia Motors Am., Inc., 2018 WL 4017698, at *2 (S.D.N.Y. July 25, 2018) (quotation marks omitted), report and recommendation adopted sub nom. H.B. Auto. Grp., Inc. v. Kia Motors Am., 2018 WL 4007636 (S.D.N.Y. Aug. 22, 2018).

Titan's counsel and Hudson View's counsel submitted contemporaneous billing records in support of their applications. (Aff. of Scott A. Brody, ECF No. 121 ("Brody Aff."), Ex. A ("Titan's Fees"); Decl. of Gil M. Coogler in Supp. of Defs.' Mot. for Award of Attorney Fees, ECF No. 112 ("Coogler Decl."), Ex. A ("Hudson View's Fees").) Both sets of records reveal hourly rates between $110 to $125 for paralegals and in the $200 to $225 range for attorneys. This Court finds that these rates are at the bottom end of prevailing market rates in this district. See, e.g., Vista Outdoor, 2018 WL 3104631, at *5 (approving hourly rates of $150 for paralegals and similar assistants with fewer than ten years of experience and $200 for those with over ten years of experience); Weiwei Gao v. Sidhu, 2013 WL 2896995, at *6 (S.D.N.Y. May 7, 2013), report and recommendation adopted, 2013 WL 2896995 (S.D.N.Y. June 13, 2013) (approving attorney hourly rate of $550 and collecting cases with hourly rates from $175 for an associate to $850 for a partner). Accordingly, the requested hourly rates are entirely reasonable.

3

B. Number of Hours

Under the law of this circuit, "a court looks to the amount of time spent as reflected in contemporaneous time records, and then decides how much of that time was reasonably expended." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 112 (2d Cir. 2012) (quotation marks omitted). In making this determination, "the district court should exclude excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). In examining these considerations, a court looks to "its familiarity with the case and its experience with the case as well as to the evidentiary submissions and arguments of the parties." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

Titan's counsel initially billed for 277.9 hours of professional time, or $55,845 in attorneys' fees and $2,536.52 in costs. (Titan's Fees, at 12, 31-33.)[1] After making some modest reductions, counsel applied an across-the-board deduction of 30% to account for unsuccessful arguments, and then reduced its claim further based on Gemini's opposition papers.[2] In the end, Titan's counsel lowered their request to $35,926.18. (ECF No. 120.)

Hudson View's counsel did not tally its hours but billed $19,500 in attorneys' fees and $398.35 in costs. (Coogler Decl. ¶ 5.) Counsel's submissions spanned 74 pages of mostly redacted entries. (See Hudson View's Fees.) Hudson View's counsel reduced their total bill by a factor of 50% to account for unsuccessful arguments, yielding a final request of $9,949.17. (Coogler Decl. ¶ 6.)

Technically, Defendants prevailed in this matter by parrying Gemini's efforts to disclaim its duty to defend. Gemini Ins. Co., 2019 WL 4023719, at *10. However, while counsel

---

[1] Since Titan's Fees were attached as separate invoices, the pagination here refers to the ECF page number.
[2] Titan's counsel submitted its attorneys' fees reductions and calculations under seal with this Court. (See ECF No. 114.)

for Titan attempted to make an appropriate reduction in fees, many of Gemini's challenges to Titan's record submissions are warranted. For example, some of Titan's records reflect vague or unnecessary billing expenditures, such as spending a half-hour to review the docket and over three hours to personally deliver documents to this Court. See Themis Capital v. Democratic Republic of Congo, 2014 WL 4379100, at *6-7 (S.D.N.Y. Sept. 4, 2014) (collecting cases and applying across-the-board reduction to account for staffing inefficiencies and vague time entries). More importantly, in this Court's view, much of the time was spent litigating unsuccessful claims. And this Court "is not obligated to undertake a line-by-line review" of the fee application, but may "instead exercise its discretion and use a percentage deduction as a practical means of trimming fat." Marion S. Mishkin Law Office v. Lopalo, 767 F.3d 144, 150 (2d Cir. 2014) (quotation marks omitted). Therefore, because most of Defendants' arguments were rejected by this Court, a further 15% reduction is justified, yielding a final lodestar of $30,537.25 for Titan. Finally, with respect to Hudson View, this Court is satisfied with the reductions that counsel proposed. See H.B. Auto. Grp., 2018 WL 4017698, at *12 (surveying percentage reductions between 15% and 30% "to account for block billing, vague time records, and the resulting inability of the Court to assess the reasonableness of counsel's hours").

## CONCLUSION

For the foregoing reasons, Titan is entitled to $30,537.25 in attorneys' fees and costs and Hudson View is entitled to $9,949.17 in attorneys' fees and costs. The Clerk of Court is directed to terminate the motion pending at ECF No. 111.

Dated: November 12, 2019
        New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.